UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY KLINE,<br><br>Plaintiff,<br><br>v.<br><br>SOLEO HEALTH INC.,<br><br>Defendant. | Case No.: 2:26-cv-02730-MEMF-AYP<br><br>**ORDER DENYING MOTION TO REMAND [DKT. NO. 20]** |

Before the Court is the Motion to Remand filed by Plaintiff. Dkt. No. 20. ("Motion"). The Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing set for November 5, 2026. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.For the reasons stated herein, the Motion is DENIED.

# I. Background

## A. Factual Background[1]

Kline is a resident of California. Dkt. No. 1-1. ("Compl.") ¶ 7. Defendants are Soleo and Does 1 through 10 ("Does"). *Id.* ¶ 1. Kline does not currently know the names or capacities of the persons or entities sued herein as Does and therefore sues said Defendants by such fictitious names. *Id.* ¶10. Each of the Doe Defendants was in some manner legally responsible for the damages suffered by Plaintiff and the Class as alleged herein. *Id*. Kline brings this action against Soleo and Does for California Labor Code violations and unfair business practices stemming from Defendant's failure to pay minimum wages, failure to pay overtime wages, failure to provide meal periods, failure to authorize and permit rest periods, failure to maintain accurate records of hours worked and meal periods, failure to timely pay all wages to terminated employees, failure to indemnify necessary business expenses, and failure to furnish accurate wage statements. *Id.* ¶ 1.

## B. Procedural History

On February 3, 2026, Kline filed a complaint in the Superior Court of California for the County of Los Angeles. *See* Compl. The Complaint alleges the following eight causes of action against Soleo and Does: (1) failure to pay minimum wages; (2) failure to pay overtime compensation; (3) failure to provide meal periods; (4) failure to authorize and permit rest breaks; (5) failure to indemnify necessary business expenses; (6) failure to timely pay final wages at termination; (7) failure to provide accurate itemized wage statements; and (8) unfair business practices. *Id.*

Kline brings the first through eighth causes of action individually and as a class action on behalf of himself and certain current and former employees ("Class") of Soleo. *Id.* ¶ 2. The Class includes Kline and any other person who has been employed by any of the Defendants in California as an hourly-paid, non-exempt employee during the statute of limitations period applicable to the pleaded claims. *Id.* ¶ 2.

---

[1] Unless otherwise indicated, the following factual background is derived from the Complaint. Dkt. No. 20 ("Compl."). A summary of the allegations is provided as background only; this Court makes no finding as to the truth of the allegations at this time.

On March 13, 2026, Soleo removed the action to the Court on the grounds of diversity and filed a Notice of Removal. *See* Notice of Removal ("NOR"). Kline filed a Motion to Remand the case to the Los Angeles Superior Court on June 2, 2026. The Motion did not comply with the Court's Civil Standing Order Dk. No. 19. Accordingly, the Motion was stricken. *Id*. Kline refiled on the Motion to Remand June 11, 2026. Dkt. No. 20 ("Motion"). Soleo filed an Opposition to the Motion on June 24, 2026. Dkt. No 21 ("Opposition"). Kline failed to file a Reply. The hearing is scheduled for November 5, 2026.

**II. <u>Applicable Law</u>**

"Federal courts are courts of limited jurisdiction," and can only hear cases where there is a valid basis for federal jurisdiction. *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991). One possible basis for jurisdiction, and the only one relevant to this Order, is diversity jurisdiction. *See* 28 U.S.C. § 1332. Diversity jurisdiction requires "complete diversity of citizenship and an amount in controversy greater than $75,000." *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020).

When a plaintiff files in state court an action over which federal courts might have jurisdiction, the defendant may remove the action to federal court. *See* 28 U.S.C. § 1446. "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant must establish by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Under these circumstances, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014) (*citing* 28 U.S.C. § 1446(c)(2)(B)). To meet this standard, "[t]he parties may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citation and internal quotation marks omitted). However, violation rates drawn from reasonable interpretations of the complaint do not need to be independently supported by evidence.

*Perez v. Rose Hills Co.*, 131 F.4th 804, 809 (9th Cir. 2025). Indeed, a defendant may rely on a chain of reasoning that includes assumptions to calculate the amount in controversy ("AIC"). *Id*. at 808. Furthermore, simply because it is possible that the AIC may be less than the requisite amount, this does not defeat the possibility that the AIC exceeds the jurisdictional threshold. *Id*. at 810.

## III. Discussion

### A. Class Action Fairness Act Jurisdiction Does Not Exist.

Under CAFA, federal courts have original jurisdiction over civil class actions in which: (1) the aggregate number of members in the proposed class is 100 or more; (2) the AIC exceeds the sum or value of $5,000,000; and (3) the parties are minimally diverse. 28 U.S.C. §§ 1332(d)(2), (5)(b). As Soleo claims to have only employed 94 non-exempt hourly employees during the relevant time period, and Kline adopts this number, the number of putative class members falls below the statutory requirement. NOR ¶ 31; Motion at 1; *See* 28 U.S.C. § 1332. Thus, CAFA jurisdiction does not exist here.

### B. Diversity Jurisdiction Exists.

Kline argues that the Court ought to remand this case because Soleo has not established diversity jurisdiction. *See generally* Motion. Kline does not dispute that the parties are diverse; rather, Kline argues that Soleo has not established that the amount in controversy exceeds the requisite $75,000. *Id*. The AIC is not expressly clear from the face of the Complaint. *See generally* Compl. As a result, Soleo must provide support from within the complaint or via supplemental evidence which demonstrates that the AIC, as reasonably calculated, exceeds $75,000 by a preponderance of the evidence. *Perez*, 131 F.4th at 808. Soleo may rely on assumptions that are reasonably drawn from the language in the complaint, or are otherwise supported by supplementary evidence, to calculate the AIC. *Id*. Kline claims that Soleo fails to meet its burden; however, as Soleo's calculations exceed $75,000 and are supported by reasonable assumptions, diversity jurisdiction exists. *See generally* Motion. **Because Kline did not file a Reply, the Court understands that Kline concedes the arguments made in Soleo's Opposition.**

/ / /

/ / /

i. Soleo's Calculations Adequately support Federal Jurisdiction.

Soleo's proposed amount in controversy ("AIC") is $90,427.50. Opposition at 24. The AIC calculation is based upon the following assumptions made by Soleo: 2.5 hours of unpaid minimum and overtime wages, two meal period violations per week, one rest period violation per week, $10 for alleged phone expenses per workweek, $15 for alleged automobile expenses per workweek, 30 days of additionally accrued wages, and one inaccurate wage statement per pay period. Opposition at 14, 15, 19, 21, 23.

The unpaid minimum amount is calculated using Kline's overtime rate of $67.50 multiplied by 2.5 hours, and 160 weeks[2] for a total of $27,000. NOR ¶ 48. Liquidated damages are calculated using the average minimum wage, $15.98[3], multiplied by 2.5 hours and 160 workweeks resulting in a total of $6,392. *Id*. Unpaid meal and rest periods are calculated by multiplying the 3 estimated violations per week, by the $45 hourly rate, by 160 workweeks which amounts to $21,600. *Id*. ¶ 59. The alleged business expenses at $10 per week for cell phone expenses and $15 per week for automobile expenses are multiplied by 160 work weeks, amounting in $4,000 worth of damages. Opposition at 19, 20. The waiting time penalties are calculated by multiplying the $45 hourly rate, by 8 hours per day, by 30 days[4]. *Id*. at 21. The total calculation for waiting time penalties is $10,800. *Id*. Finally, inaccurate wage statements are calculated according to the one-year statute of limitations and while taking into account that Soleo issues 26 wage statements per year[5]. Motion at 6; Cal. Lab. Code § 226(e). The initial penalty for an inaccurate wage statement is $50, while subsequent penalties are $100. NOR ¶ 78. Soleo multiplied 25 penalties by $100 and added $50 for the initial penalty to find a total of $2,550 in penalties. Opposition at 24. Finally, Soleo assumes that Kline's attorney's fees will be 25% of the total damages. *Id*. ¶ 86. Accordingly, Soleo calculates a total of $90,427.50 for Kline's total amount in controversy. Opposition at 24. Soleo extrapolates these

---

[2] The relevant time period for calculating the AIC, as proposed by Soleo, is 160 workweeks. *Id*. ¶ 36.

[3] Defendants NOR calculates the average minimum wage using average of California minimum wage rates between 2022 and 2026 ($15.00 in 2022, $15.50 in 2023, $16.00 in 2024, $16.50 in 2025, and $16.90 in 2026). Defendants claim that this average does not factor in the minimum wage in local jurisdictions, such as Los Angeles, which would make the average even higher.

[4] Plaintiff is entitled to recover up to 30 days maximum for waiting time penalties pursuant to California Labor Code § 203.

[5] Soleo adopts the calculations made in Kline's Motion.

calculations to 50% of the relevant Class. *See generally Id*. Kline has not filed a reply addressing the calculations as they were made in Soleo's Opposition; however, Kline's Motion generally alleges that Klines estimates are unreasonable and unsupported. *See generally* Motion.

For the reasons discussed below, the Court finds that Soleo's proposed overtime and minimum wages, liquidated damages, meal and rest periods, business expenses, and wage statement calculations are supported by the allegations in the Complaint. However, Soleo's calculated attorneys' fees calculations must be adjusted to align with statutory requirements. Nevertheless, Soleo has shown that the $75,000 jurisdictional threshold has been met.

*1. Waiting Time Penalty Allegations*

Based on the assumption that Kline could recover for 30 days of accruing wages, Soleo calculates the AIC for the waiting time penalties as $10,800[6]. Opposition at 20. Kline counters this assumption in her Motion, arguing that she is a current employee, and as such she is not eligible to recover damages for waiting times penalties. Motion at 7. However, this is in direct opposition to her express allegations in the Complaint. Compl. ¶ 19. The Complaint alleges that when the employment of Kline and the Class ended, Soleo failed to pay their wages as required by California Labor Code § 201 and 202. Compl. ¶ 19, 63. It further states that Kline and the Class are entitled to recover accruing wages for each day they were not paid, at their hourly rate, up to 30 days maximum pursuant to California Labor Code § 203. *Id*. ¶ 66. Soleo calculated the amount in controversy for the waiting time penalty using the 30-day maximum. Opposition at 21.

Soleo is entitled to use the allegations as alleged in the Complaint to form its' AIC calculation. *Perez*, 131 F.4th at 809. Furthermore, if the violation rate can be justified by allegations in the complaint, it is not necessary for Soleo to include additional supporting evidence. *Id*. As Soleo's calculation for waiting time penalties is based on language in the Complaint stating that Kline is entitled to recover "up to 30 days maximum," Soleo's AIC accurately reflects the maximum recovery that Kline could reasonably recover. Compl. ¶ 66; *Arias v. Residence Inn by Marriott*, 936

---

[6] The calculation for waiting time penalty: ($45.00 hourly rate × 8 hours/day) × 30 days = $10,800. Opposition at 21.

F.3d 920, 927 (9th Cir. 2019). The Court finds that this assumption is reasonable, as it is tethered to the language in the Complaint.

*2. Failure to Issue Accurate Wage Statements*

Kline does not include a calculation of damages recoverable as a result of Soleo's alleged failure to comply with California Labor Code § 226(a), nor does she include an alleged violation rate. Compl. ¶ 71.

Pursuant to California Labor Code § 226(e)(1):

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

Cal. Lab. Code § 226(e)(1).

Soleo calculates the AIC based on twenty-six pay periods per year, and a one-year statute of limitations, initially concluding that Kline could be entitled to the maximum statutory penalty of $4,000. NOR at 7. Soleo provides no evidence for how its' calculation amounts to $4,000. *See generally id*. Kline correctly argues that logically, the maximum damages she could possibly be entitled to is $2,550. Motion at 7. This is because Soleo only has twenty-six pay periods, so even assuming that Soleo issued a faulty statement every period, the maximum recovery that could accrue with a $50 initial violation fee and a $100 subsequent violation fee is $2,550[7]. Even still, Kline rebuts the assumption that there would be a wage statement violation during each and every pay period. Motion at 7. Soleo responds in its' Opposition by adopting Kline's calculation of $2,550 and incorporating this calculation into their total AIC[8]. Opposition at 24.

Soleo maintains that it is reasonable for its' calculations to assume a violation occurred in every pay period, as Kline bases her allegations on underlying claims of unpaid minimum and overtime wages, missed meal and rest periods, and unpaid sick pay. *Id*. at 23. Further, the Complaint

---

[7] $50 + (25 + $100) = $2,550. Cal. Lab. Code § 226(e)(1).

[8] Kline did not file a Reply and thus did not directly oppose this calculation.

states that Soleo failed to include its' address on her wage statements, which is required by California Labor Code § 226(a). Compl. ¶ 20; Cal. Lab. Code § 226(a). Soleo includes this allegation in their estimate for how many facially deficient wage statements it issued. Opposition at 23. An employee is deemed to suffer an injury under the California Labor Code if the employer fails to provide accurate and complete information within their wage statement. Cal. Lab. Code § 226(e)(2)(B). Thus, even if just one alleged violation occurs during the pay period, the corresponding wage statement would be inaccurate. *Id*.

Soleo is entitled to use only the language in the Complaint to draw a reasonable assumption about the alleged violation rate. *Perez*, 131 F.4th at 809. Defendants are permitted to rely on a chain of reasoning founded on allegations in the complaint. *Id*. Seeing as multiple theories of liability are alleged in Kline's Complaint, it is reasonable to assume that a single violation could have occurred within each of the 26 pay periods. *See generally* Compl. Furthermore, a single violation within each pay period would make the wage statement for that period noncompliant. As such, the Court finds that Soleo's assumption is reasonable.

### 3. *Unpaid Overtime and Minimum Wages*

Soleo calculates the amount in controversy for unpaid overtime and minimum wages to be $27,000[9]. Opposition at 24. To reach this total, Soleo assumes a violation rate of 2.5 hours of unpaid overtime and minimum wages per week. *Id*. at 14. Kline contends that this assumption exceeds the standard assumption in the Central District Court and that Soleo fails to provide evidence that supports its' assumption. Motion at 10. Kline's Complaint alleges that she and the Class "sometimes" worked "off the clock and uncompensated." ¶ Compl. 15. Further, Kline alleges that Soleo had a "company-wide policy and practice" of "failing to pay employees for all hours worked" and that she and the Class were "regularly required to work overtime hours." Compl. ¶ 4, 40, 44. Kline grounds her overtime and minimum wage claim in multiple bases (i.e. defendant's failure to accurately record hours worked, failure to pay overtime compensation for overtime hours worked, requiring employees to work off the clock, and failure to include bonus compensation in calculating

---

[9] $67.50 overtime rate × 2.5 hours × 160 workweeks = $27,000. NOR ¶ 48.

overtime wages); thus, Soleo maintains that if Kline were to succeed on any one of these allegations, she would be entitled to recover for unpaid overtime and minimum wages. Opposition at 13, 14.

While it is true that this Court has previously held that an assumption of one hour of overtime per week is reasonable when a plaintiff alleges a pattern or practice of a violation, there is no binding authority which makes it such that this ought to be the standard presumption. *Magallon v. Transtar Indus., Inc.*, No. 820CV02360JLSKES, 2021 WL 1813179, at *4 (C.D. Cal. May 6, 2021). Indeed, violation rates may be drawn from reasonable interpretations of the complaint, and the existence of an alternative assumption does not invalidate another equally reasonable assumption. *Perez*, 131 F.4th at 809. Furthermore, it is important to note that Soleo estimates 2.5 hours per week for *both* the unpaid overtime *and* minimum wages.[10]

Soleo estimates the violation rate based on the various allegations in the complaint and the language regarding the frequency of the violations. Unlike in *Ibarra*, where the defendant erroneously construed language like "pattern and practice" to mean "always" in regard to the violation rate, Soloes' assumption more reasonably interprets the language of the Complaint to mean 2.5 hours per week. 775 F.3d at 1199. As such, the Court finds that Soleo's assumption is reasonable.

### 4. *Liquidated Damages*

Soleo estimates the AIC for liquidated damages as $6,392[11]. Kline requests recovery for liquidated damages for Soleo's failure to pay minimum wages. Compl. ¶ 37. Soleo calculates the violation rate for liquidated damages at 2.5 hours per week. NOR ¶ 48. Kline argues that this is unreasonable because it assumes that Kline received no compensation whatsoever for the 2.5 hours of unpaid work per week. Motion at 11. Kline states that this is implausible because their claim for unpaid wages includes the failure to incorporate nondiscretionary bonuses into calculations of overtime rate of pay, meal break premium rate of pay, and sick day rate of pay. *Id.*

---

[10] Soleo fails to explain how the 2.5 hours are divided amongst the unpaid overtime and minimum wages. *See generally* Opposition.

[11] $15.98 × 2.5 hours × 160 workweeks = $6,392.00. NOR ¶ 48.

In accordance with California Labor Code § 1194.2(a), an employee can "recover wages because of the payment of a wage less than the minimum wage fixed by order of the commission or by statute." Cal. Lab. Code § 1194.2(a). Soleo notes that Kline expressly seeks liquidated damages in her Complaint, and because the Complaint alleges that Kline was "required to work off-the-clock, and uncompensated," this is sufficient to support the assumption that Kline claims that she received no compensation whatsoever for the unpaid wages' violations. Opposition at 15; Compl. ¶ 15. Further, Kline sought liquidated damages in her complaint, and since a defendant may use the complaint as the basis for their AIC calculations, the Court finds that Soleo's incorporation of liquidated damages into its' calculations is reasonable. *Perez*, 131 F.4th at 809.

*5. Unpaid Meal and Rest Period Violation Rates*

Soleo calculates $21,600[12] in damages for unpaid meal and rest violations. Opposition at 15. Based on the language in the Complaint, Soleo estimates two missed meal periods and one missed rest break per week. Opposition at 15. Kline argues that Soleo's estimate lacks any supporting evidence and thus it is unreasonable. Motion at 13.

Pursuant to California Labor Code § 226.7(c):

> If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

Cal. Lab. Code § 226.7(c).

Kline's Complaint uses language like "sometimes, but not always," "policy and practice," and "regularly" to describe how frequently Plaintiff and the Class were subject to unpaid meal and rest period violation rates. *See generally* Compl. Soleo's estimate of two meal periods per week is supported by the language in the Complaint alleging that Kline "regularly" missed "both" meal periods. Compl. ¶ 51. Soleo contends that since the Complaint alleges it "did not maintain accurate

[12] 3 total violations per week × $45.00 × 160 workweeks = $21,600. NOR ¶ 59.

records of employee work periods, and therefore [defendant] cannot demonstrate that [Plaintiff and the Class] took breaks during the middle period of each work period," Kline is alleging that Soleo cannot prove *any* rest periods were provided and thus assuming just one rest violation per week is a conservative estimate. Compl. ¶ 17; Opposition at 17.

Despite the Complaint's broad language, violation rates which are drawn from reasonable interpretations of the complaint do not need to be independently supported by evidence; in fact, they may rely on reasonable assumptions tethered to the language of the complaint. *Perez* 131 F.4th at 809. Further, "assumptions made part of the defendant's chain of reasoning need not be proven; they instead must only have 'some reasonable ground underlying them.'" *Arias* 936 F.3d at 927 (quoting *Ibarra*, 775 F.3d at 119). Soleo's chain of reasoning is supported by language in the Complaint, such as "sometimes, but not always," "policy and practice," and "regularly." *See generally* Compl. Additionally, it is supported by Kline's claim that Soleo cannot demonstrate that it provided Kline with rest periods. Compl. ¶ 17. As such, the Court finds that Soleo's estimate of $21,600 in damages for unpaid meal and rest periods is reasonable.

*6. Unreimbursed Business Expenses*

Soleo calculates unreimbursed business expenses at $4,000[13]. The Complaint does not provide any information regarding the quantity of unreimbursed business expenses allegedly suffered by Kline, only that employees were not reimbursed for use of their personal vehicles, nor for use of their telephones "throughout the statutory period." Compl. ¶ 18. Kline's alleges that Soleo would only be responsible for a percentage of their telephone bill but fails to indicate what portion of the bill this would be. Motion at 15.

Pursuant to California Labor Code § 2802:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though

---

13

Cell Phone Expenses: $10 × 160 workweeks = $1,600
Automobile Expenses: $15 × 160 weeks = $2,400
Total Costs: $1,600 + $2,400 = $4,000
Opposition at 19, 20.

> unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

Cal. Lab. Code § 2802.

Kline's Complaint does not provide any information as to what kind of automobile costs she is requesting (i.e. gas, mileage, etc.). *See generally* Compl. Kline's Motion counters Soleo's calculation, saying that Soleo does not articulate a clear rationale for its' estimates. Motion at 16. Soleo contends that $15 per week is a reasonable estimate for unreimbursed automobile expenses. Opposition at 19. Soleo justifies this estimate because Kline worked 5 days a week from February 13, 2023, to March 10, 2026 (160 weeks). Opposition at 19, 20. Soleo assumes that Kline is only requesting reimbursement for mileage. *Id*. Based on that assumption, if Kline drives an estimated 5 miles per day, she will be entitled to $17.19 per workweek (5 miles × IRS mileage rate × 5 days). *Id*. Soleo claims to use an even more conservative estimate of only $15 per workweek, amounting to $2,400 for automobile expenses for the statutory period. *Id*.

This assumption is not grounded in the language of the Complaint, as the Complaint offers no information as to the frequency nor the type of damages sought for this allegation. However, the defendant does not need to prove that their assumptions are correct, only that they are reasonable. *Arias* 936 F.3d at 927. As Soleo provides a chain of assumptions-based on the circumstances of Kline's employment and the knowledge that could be obtained from the Complaint, its' estimate of $15 per workweek in automobile expenses is reasonable.

Soleo assumes $10 per workweek in cell phone expenses. Kline disputes Soleo's original estimate of $25 per workweek in their Motion, calling it a deficient assumption; however, as Kline did not file a reply, she does not dispute the assumption of $10 per workweek. Motion at 14. Therefore, the Court accepts Soleo's calculation pertaining to cell phone expenses.

7. *Attorneys' Fees*

Soleo notes that California Central District Courts routinely apply a 25% benchmark in similar cases. NOR ¶ 86. Furthermore, Soleo points out that Kline's counsel has requested approximately 33% in attorney's fees for similar wage and hours matters. NOR ¶ 87. Nonetheless, Soleo calculates attorney's fees as 25% of all the damages. *Id*. Kline contests Soleo's calculation,

arguing that they can't use the meal and rest period violations in their calculation for attorneys' fees because these violations are not subject to fee-shifting statutes. Motion at 8. Although Kline initially requested attorney's fees for meal and rest period violations in their complaint, the Court is limited by the Constitution to only review cases which are within its' jurisdiction. *Richardson*, 943 F.2d at 112. For this reason, it is essential to ensure that the amount in controversy is estimated to the best of the Courts ability in order to ensure that diversity jurisdiction does in fact exist. Neither California Labor Code § 218.5 nor § 1194 entitles a plaintiff to attorneys' fees for meal and rest period violations. Seeing as though "a court's calculation of future attorneys' fees is limited by the applicable contractual or statutory requirements that allow fee-shifting in the first place," Soleo cannot use the AIC from the meal and rest period claim to calculate attorney's fees. *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 796 (9th Cir. 2018). The attorneys' fees, as calculated without including meal and rest period violations, are $12, 685.50[14].

6. *Total AIC Calculation*

Taking into account Soleo's calculations, while reducing the attorney's fees estimate to exclude meal and rest period violations, the total estimated AIC is $85,027.50[15]. As this exceeds $75,000, the jurisdictional threshold, the Court denies Kline's Motion to Remand.

## IV. Conclusion

For the foregoing reasons, the Motion to Remand is DENIED.

IT IS SO ORDERED.

Dated: October 9, 2026

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge

---

[14] ($27,000 + $6,392 + $4,000 + $2,550 + $10,800) × 0.25 = $12, 685.50.

[15] $27,000 + $6,392 + $21,600 + $4,000 + $2,550 + $10,800 + $12, 685.50 = $85,027.50.